IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **ANGELA SIRNIK et al.** | * |
| **Plaintiffs,** | * |
| v. | * CIVIL ACTION NO. PWG-16-956 |
| **UNITED STATES JUSTICE DEPARTMENT et al.** | * |
| **Defendants.** | * |
| | ***** |

## MEMORANDUM OPINION

On March 30, 2016, Angela Sirnik ("Sirnik"), a resident of Laurel, Maryland, filed a self-represented complaint on behalf of herself as well as the daughter and stepson of Stanley Walter Sirnik, her husband, who she alleges was killed in a car accident involving a 1992 Toyota 4Runner. *See* Compl., ECF No. 1. Sirnik claims that a wrongful death sudden acceleration case was filed in a Maryland court but never went to trial.[1] *Id.* She alleges that "due to negligence on the part of the United States Justice Department and National Highway Traffic Safety Administration, we file this complaint." *Id.*[2]

As a preliminary matter, Sirnik has filed a motion to proceed in forma pauperis. Although her children, Sabrina Sirnik and Brian Schwab, have seemingly signed the complaint, they have not

---

[1] There is no listing of a prior case filed in this Court.
[2] Sirnik recently filed a motion for relief of wrongful death in this case. ECF No. 5. She alleges that her husband's accident occurred in West Virginia in 1992. This motion will be stricken for failure to comply with my letter order regarding the filing of motions, which requires the party seeking to file a substantive motion or discovery motion to first file a letter not to exceed three pages and then participate in a conference call to discuss the requested motion. *See* ECF No. 3.

presented in forma pauperis motions and are not parties to the complaint. The motion to proceed in forma pauperis shall be granted as to Sirnik only. Sabrina Sirnik and Brian Schwab are dismissed from the complaint without prejudice.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727–28 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to screen preliminarily a non-prisoner complaint); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, No. 3:13–CV–11, 2013 WL 5375781, at *1–2 (N.D. W. Va. Sept. 25, 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

This Court is required to liberally construe self-represented complaints, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine these complaints using a less stringent standard than those drafted by attorneys, *id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Courts must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Cruz v. Beto*, 405 U.S. 319, 322 (1972), and must assume the complaint allegations to be true, *Erickson*, 551 U.S. at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Sirnik has set out a naked assertion of negligence. She has failed to delineate how the United States Department of Justice, U.S. Attorney for the District of Maryland, and the Office of Inspector General for the National Highway Traffic Safety Administration committed tortious actions or inactions. If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss.

*See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 557 ) (internal quotation marks and alteration omitted).

To the extent that Sirnik alleges negligence on the part of federal government agencies, the matter has been afforded a generous construction as a Federal Tort Claims Act ("FTCA") complaint under 28 U.S.C. § 1346(b). Under principles of sovereign immunity, the United States and its agencies may not be sued in tort except as permitted by FTCA. *See* 28 U.S.C. § 2679(b)(1); *see, e.g., Salazar v. Ballesteros,* 17 Fed. App'x 129, 130 (4th Cir. 2001) (explaining that the FTCA "immunizes federal employees who are sued for actions 'within the scope of [their] office or employment'" and upon substitution of the Unite States as defendant, "allows the United States to be sued for certain torts committed by its employees" (alteration in original)). Under the FTCA, the federal government has waived its sovereign immunity to tort liability for the negligent or wrongful acts or omissions of its employees acting in the scope of their federal employment. *See* 28 U.S.C. §§ 2671–2680.

The FTCA's limited waiver of sovereign immunity for damages against government tortfeasors is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. *See* 28 U.S.C. § 2675(a). The FTCA further provides that a tort claim against the United States "shall be forever barred" unless (1) the claim is presented to the "appropriate Federal agency within two years after such claim accrues," or (2) the claim is brought to federal court within six months after the agency acts on the claim. *See* 28 U.S.C. § 2401(b). A tort claim pursuant to the FTCA accrues when the plaintiff knows or reasonably should know of the existence and the cause of his injury. *See Gilbert v. United States,* 720 F.2d 372, 374 (4th Cir. 1983) (citing *United States v. Kubrick,* 444 U.S. 111, 118–25 (1979)).

If Sirnik has completed administrative exhaustion, she must explain why it took so long to discover and act on this claim. The passage of time, however, is not necessarily a stumbling block to suit. Recently, the United States Supreme Court held that the time limitations under the FTCA are non-jurisdictional and subject to equitable tolling. *See United States v. Kwai Fun Wong*, 135 S.Ct. 1625 (2015).

> [E]quitable tolling is appropriate only "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." Indeed, the doctrine of equitable tolling is based on the view that a defendant should not be encouraged to engage in "misconduct that prevents the plaintiff from filing his or her claim on time."

*Kokotis v. United States Postal Service*, 223 F.3d 275, 280–81 (2000) (internal citations omitted) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)).

Thus, before proceeding in federal court, Sirnik is required to submit timely written notification of the incident (accompanied by a sum certain claim for monetary damages) to the federal agency responsible for the activities giving rise to the claim. *See* 28 C.F.R. §§ 14.2(a) & (b)(1).[3] She may file an FTCA suit in federal court only after the agency denies her claim and must do so within six months of the mailing of the denial. *See* 28 C.F.R. § 14.9(a). Sirnik does not indicate that she timely presented her claim to the relevant federal agency. The failure to completely exhaust administrative remedies before filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after the suit is filed. *See McNeil v. United States*, 508 U.S. 106, 111–12 (1993); *Chang-Williams v. United States*, 965 F. Supp. 2d 673, 698-99 (D. Md. 2013). Thus, Sirnik must indicate that her administrative claim has been fully exhausted in order to proceed here.

---

[3] "A claim is 'presented' if it gives the government adequate notice to properly investigate the underlying incident and places a 'sum certain' on the claim's value." *Mack v. United States*, No. JFM–00–2296, 2001 WL 179888, at *4 (D. Md. Feb. 21, 2001) (quoting *Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir. 1994)).

Sirnik has provided no detailed information in her complaint regarding when she filed a tort remedy with the appropriate federal agency and the results from the remedy. Moreover, her complaint provides no background facts regarding her claim of negligence nor does she discuss what relationship the case has to the State of Maryland. She shall therefore be required to file a supplemental complaint[4] which provides this information and is cautioned that his failure to do so shall result in the dismissal of this complaint without further notice of the court.[5]

A separate Order shall follow.

05/17/16
Date

Paul W. Grimm
United States District Judge

---

[4] When filing her supplemental complaint, Sirnik shall place the above-captioned case number in the caption of her pleadings.

[5] Defendants have also filed a motion for extension of time to file a responsive pleading. *See* ECF No. 6. It is unclear why Defendants are responding even though no summons have been issued in this case, and therefore there is no deadline for a response. Because I will order Sirnik to supplement her complaint and then screen it under 28 U.S.C. § 1915 before deciding whether the Clerk will issue summons, Defendants are advised not to respond until such time that they have been served. Accordingly, Defendants' motion will be denied as moot.