IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ANGELA SIRNIK,<br>   Plaintiff,<br>v.<br>UNITED STATES JUSTICE<br> DEPARTMENT, *et al.*<br>   Defendants. | *<br>*<br>*   CIVIL ACTION NO. PWG-16-956<br>*<br>* |

\* \* \* \* \*

## MEMORANDUM OPINION

Angela Sirnik ("Ms. Sirnik"), a resident of Laurel, Maryland, filed a self-represented complaint on behalf of herself and the daughter and stepson of Stanley Walter Sirnik, her husband, who she alleges was killed in a 1992 Toyota 4Runner. Ms. Sirnik claims that a wrongful "death sudden acceleration" case was filed in a Maryland court, but never went to trial. ECF No. 1. She alleges that "due to negligence on the part of the United States Justice Department and National Highway Traffic Safety Administration, we file this complaint."[1] *Id.*, p. 2.

The Court granted Ms. Sirnik's Motion for Leave to Proceed In Forma Pauperis, dismissed the Complaint filed on behalf of Sabrina Sirnik and Brian Schwab without prejudice, construed the Complaint as one filed under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346(b), and granted Ms. Sirnik additional time to file a supplemental complaint to set out the background facts of her claim of negligence, the complaint's relationship to the State of Maryland, and to show that she

---

[1] Ms. Sirnik's "motion for relief of wrongful death" alleged that her husband's accident occurred in West Virginia in 1992. ECF No. 5.

timely exhausted her claims to the federal agency responsible for the activities giving rise to the claim pursuant to 28 U.S.C. § 2401(b). Mem. Op., ECF No. 7; Order, ECF No. 8.

Ms. Sirnik filed her supplemental complaint, naming the United States Justice Department, the United States Attorney for the District of Maryland, and the Office of the Inspector General as Defendants and invoking the Court's federal question jurisdiction. Am. Compl., ECF No. 9. She simply maintains, without providing any background facts, that the federal agencies are "responsible for the activities giving rise to the claim." *Id.* at 4. Ms. Sirnik contends that she submitted an administrative tort claim with the U.S. Department of Justice on March 2, 2014, and her claim was denied by letter on October 1, 2015, because it was found to be "not compensable" as it alleged "wrongful acts by individuals (local, national, and international Toyota corporations) who are not federal employees."[2] *Id.* at 5.

Ms. Sirnik filed this complaint regarding the 1992 death of her husband, who passed away in a vehicular accident in West Virginia twenty-two years after the incident. *Id.* at 5–6. Sirnik has not set out how the federal agencies named were directly responsible for her husband's death,[3] nor does she indicate how the West Virginia accident is connected to the State of Maryland. Further, it does

---

[2] Ms. Sirnik claims that it was not her intention to file claims against those "individuals" such as Rosenthal Toyota, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Distributors, Inc. and Toyota Motor Corporation as she had filed a lawsuit against Toyota in 1992 in the Circuit Court for Prince George's County.

[3] Ms. Sirnik states that the Justice Department, as well as the National Highway Transportation Safety Administration, did not investigate Toyota accidents occurring in the early 1990s. She seemingly claims that her husband's 1992 accident is connected to more recent discoveries involving the sudden acceleration problem discovered in Toyota vehicles sold from 2005 to 2010. At no point does Ms. Sirnik discuss how the discoveries apply to a Toyota truck purchased in 1992. This tenuous allegation is insufficient to connect the named federal agencies with tortious conduct.

not appear that she timely filed her administrative claim with the Department of Justice. The complaint shall be dismissed.

Date: February 14, 2017

Paul W. Grimm
United States District Judge